# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ANDY'S BP, INC., ET AL., <br> Plaintiffs, <br> v. <br> FRANKLIN FUELING SYSTEMS, INC., <br> Defendant. | Case No. 15-cv-05745-BLF <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND PRETRIAL DATES** |

Plaintiffs Andy's BP, Inc. and Sabek, Inc. (collectively, "Plaintiffs") move to extend all pretrial deadlines in this case. ECF 37. Defendant Franklin Fueling Systems, Inc. ("Defendant") opposes Plaintiffs' motion. ECF 39. According to Plaintiff, newly discovered evidence found on Defendant's website regarding the warranty at issue in this case will require Plaintiffs to undergo further amendments and discovery. Plaintiffs thus request an extension of all pretrial dates to allow Plaintiffs time to amend the complaint, amend the witness list, amend discovery responses, and conduct further extensive discovery.

Defendant opposes Plaintiffs' request, arguing that Plaintiffs repeatedly delayed discovery and "failed to conduct any discovery whatsoever in the first 18 months." ECF 39. Further, Defendant argues that Plaintiffs' recent discovery of the 30-year warranty on the internet does not provide grounds for an extension, since Plaintiffs should have been investigating their warranty claims since the case was filed on November 12, 2015. *Id*.

A motion to change deadlines in the scheduling order should be evaluated under Fed. R. Civ. Proc. 16(b), requiring "good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16 is primarily concerned with the diligence of the party seeking amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1991). "If [the moving]

party was not diligent, the inquiry should end." *Id*.

Here, Plaintiffs contend that the parties recently deposed 8 witnesses and exchanged documents which revealed new facts and witnesses not previously ascertained by Plaintiffs. ECF 37. But Defendant points out that 7 of those 8 witnesses were *Plaintiffs* witnesses, and the only documents produced in those depositions came from Plaintiffs themselves. ECF 39. Plaintiffs' failure to learn such information from their own witnesses prior to the close of fact discovery does not warrant an extension under the good cause standard of Rule 16. The Court also finds that the facts revealed in the deposition testimony of Defendant's witness Gary Saltz does not establish good cause for an extension of all pretrial deadlines. The late discovery of evidence from the public internet and depositions taken at the very end of fact discovery is the result of Plaintiffs' own lack of diligence, which ends the Court's inquiry. *See Johnson*, 975 F.2d at 609. Plaintiffs' motion to extend all pretrial deadlines is DENIED.

Moreover, the Court's standing order requires summary judgment motions to be heard at least 90 days before trial. Plaintiffs' proposed schedule does not allow enough time between the last day to hear dispositive motions and trial, and thus would require the Court to continue the trial date in this case. Due to the Court's schedule, the next available trial date is in August 2020. Such an extension is unreasonable and prejudicial to Defendant, and provides additional grounds to DENY Plaintiffs' request to continue all pretrial dates.

**IT IS SO ORDERED.**

Dated: July 31, 2017

_____
BETH LABSON FREEMAN
United States District Judge

2